**RACINE EDUCATION ASSOCIATION, Plaintiff,**

v.

**RACINE UNIFIED SCHOOL DISTRICT, Defendant.**

No. 77 C–819.

United States District Court, E. D. Wisconsin.

May 24, 1979.

**462**

Schwartz, Weber & Tofte by Mary F. Wyant, Racine, Wis., for plaintiff.

Melli, Shiels, Walker & Pease by Jack D. Walker, Madison, Wis., for defendant.

### DECISION and ORDER

MYRON L. GORDON, District Judge.

This action is before me on the motion of the defendant Racine Unified School District (the District) for an order compelling the plaintiff Racine Education Association (the Association) to produce documents.

A threshold question must be resolved. The record does not reveal that a formal request for production of documents or a subpoena duces tecum demanding such documents was ever served on the Association. However, the District's moving papers allege that a request for the production of these documents was made at a deposition of an officer of the Association

on February 21, 1979. The Association does not argue that the motion is invalid due to the lack of a formal request for production under the discovery rules. Accordingly, I construe the agreement of the parties on the record at the February 21, 1979, deposition as a stipulation to modify the method for requesting production of documents under Rule 34, Federal Rules of Civil Procedure. Such stipulations regarding discovery procedure are authorized by Rule 29, Federal Rules of Civil Procedure. Therefore, the motion is properly before me at this time.

The documents requested by the District are budget statements and supporting schedules and audit statements and supporting schedules of the Association for the years 1976 through 1978. The Association opposes the production of these documents primarily because it believes that the documents are irrelevant to the action.

The complaint alleges that the Association and the District have an agreement which requires the District to deduct dues or service fees from the paychecks of members of the teachers' bargaining unit represented by the Association. It is alleged that the District has refused to comply with this contractual obligation, and injunctive relief is sought to require compliance by the District.

One of the affirmative defenses interposed in the District's answer is that the contractual provision requiring the deduction of dues or service fees violates the First Amendment to the United States Constitution. Apparently, the District's theory is that the dues or service fees to be deducted from the salaries of teacher-employees who are not members of the Association are being used in part for political or other purposes beyond the Association's role as exclusive labor representative, in violation of the First Amendment rights of the non-Association members. See *Abood v. Detroit Board of Education*, 431 U.S. 209, 97 S.Ct. 1782, 52 L.Ed.2d 261 (1977). The District seeks the financial information at issue to support its claim that Association funds are used for such extraneous purposes.

The Association opposes disclosure of the financial information at issue on the ground that this action is concerned only with Association members, and therefore the First Amendment interests of non-members are not at stake.

■ The allegations of the complaint are not as narrow as the Association suggests. Paragraph 3 alleges that the obligation of the defendant is to deduct the dues or service fees in question "from [salaries of] members of the Teacher's bargaining unit." Thus, the breach with which the District is charged concerns all members of the bargaining unit, whether they are members of the Association or not. Therefore, I believe that the requested information falls within the permissible scope of discovery under Rule 26(b)(1), Federal Rules of Civil Procedure.

■ The Association next argues that the District does not have the standing to assert the rights of the non-Association members. However, the only issue before me is whether the requested discovery is relevant to the subject matter of the pending action. As I have concluded above, the information is relevant to the action as now framed.

Finally, the Association argues that the District is attempting to obtain information in a manner that would be a prohibited labor practice under other circumstances. The discovery request is viewed by the Association as an interference in its internal affairs.

■ It is clear, however, that the discovery process frequently intrudes on litigants in a manner inconsistent with their otherwise protected privacy interests. Cf. *Herbert v. Lando*, —— U.S. ——, 99 S.Ct. 1635, 60 L.Ed.2d 115, (1979). Having commenced this litigation, the Association may not now claim that proper discovery by the District in defending against the Association's claim constitutes unfair interference in the Association's affairs. In my opinion, the information requested by the District should be disclosed.

Therefore, IT IS ORDERED that the motion of the Racine Unified School District for an order compelling production of documents be and hereby is granted.

IT IS ALSO ORDERED that the plaintiff produce and permit counsel for the plaintiff and other agents of the plaintiff to inspect, within 20 days of this order, the following documents: Budget statements and supporting schedules of the Racine Education Association for calendar years 1976, 1977, and 1978; and Audit statements and supporting schedules of the Racine Education Association for calendar years 1976, 1977, and 1978.

IT IS FURTHER ORDERED that the plaintiff pay to the clerk of court within 20 days of this order the sum of $250, representing the defendant's reasonable expenses and attorney's fees in securing this order, and the clerk shall thereupon disburse such sum to the defendant.